IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. B-06-103-1 |
| | § | |
| ERICK MORALES | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Opposed Objections to the Presentence Investigation Report. [Docket No. 12]

I. Background

On January 22, 2006, Erick Morales was apprehended at a Border Patrol checkpoint station in Sarita, Texas, after an immigration record check revealed that Morales was deported from the United States on January 5, 2006. Prior to his deportation, Morales was convicted of Attempted Criminal Facilitation in the Second Degree, N.Y. PENAL LAW § 115.05 (McKinney 2006), on November 3, 2005. Morales, a citizen of Guatemala, pled guilty to being an Alien Unlawfully Found in the United States After Deportation, Having Been Previously Convicted of an Aggravated Felony, in violation of 8 U.S.C. § 1326(a) & (b) (2000). The Court has now reached the sentencing phase and is faced with an objection to probation's recommendation of a 12-level enhancement for a drug trafficking offense.

II. Analysis

United States Sentencing Guidelines § 2L1.2(b)(1)(B) provides for a 12-level enhancement when a defendant was previously deported after "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less." The commentary to § 2L1.2 explains that:

"Drug trafficking offense" means an offense under federal, state, or local law that

> prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute or dispense.

U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt.1(B)(iv). Whether Morales' conviction constitutes a drug trafficking offense turns on: (A) whether the underlying offense which was facilitated actually constituted a drug trafficking offense and (B) whether a defendant should receive an enhancement based on the mere facilitation of a drug trafficking offense.

*A.     Whether the Underlying Offense was a Drug Trafficking Offense*

The indictment describes the underlying crime by stating "defendant did agree to sell one kilo of cocaine to another individual in violation of Criminal Sale of a Controlled Substance in the First Degree and did accept partial payment for said cocaine in the amount of three thousand dollars ($3,000.00)." The New York statute for Criminal Sale of a Controlled Substance in the First Degree states:

> A person is guilty of criminal sale of a controlled substance in the first degree when he knowingly and unlawfully sells:
> 1. one or more preparations, compounds, mixtures or substances containing a narcotic drug and the preparations, compounds, mixtures or substances are of an aggregate weight of two ounces or more; or
> 2. methadone and the methadone weighs two thousand eight hundred eighty milligrams or more.
> Criminal sale of a controlled substance in the first degree is a class A-I felony.

N.Y. PENAL CODE § 220.43 (McKinney 2006). When read in combination with the indictment, it is clear that the underlying crime involved the actual sale of a kilogram of cocaine, as opposed to an "offer of sale." In *United States v. Palacios-Quinonez*, 431 F.3d 471, 475 (5th Cir. 2005), the Fifth Circuit stated that when an actual purchase takes place there has been a "transfer of a right to control from the seller to the buyer." The court explained that because such a transfer of the right to control necessarily involves either actual or constructive possession, it constitutes a drug

trafficking offense under the sentencing guidelines. *Id.* at 475-77. Therefore, the underlying crime in this case was clearly a drug trafficking offense.

B.      *Drug Trafficking Offense Enhancement for Facilitation*

Having determined that the underlying crime which Morales facilitated was a drug trafficking offense, the next question is whether a drug trafficking offense can be imputed on Morales based on his facilitation thereof. The sentencing guidelines provide for a drug trafficking enhancement when a defendant is convicted of aiding and abetting such an offense. U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt.5. The New York statute which Morales was convicted under states:

> A person is guilty of criminal facilitation in the second degree when, believing it probable that he is rendering aid to a person who intends to commit a class A felony, he engages in conduct which provides such person with means or opportunity for the commission thereof and which in fact aids such person to commit such class A felony.

N.Y. PENAL LAW § 115.05 (McKinney 2006). In *United States v. Liranzo*, 944 F.2d 73 (2d Cir. 1991), the Second Circuit held that § 115.05 did not constitute aiding and abetting as described in the sentencing guidelines. The court explained that "unlike the crime of aiding and abetting, conspiracy, or attempt, the crime of criminal facilitation does not involve the *intent* to commit the underlying substantive offense." *Id.* at 79 (emphasis original). In fact, the court pointed out that "[t]he New York Court of Appeals has [] explained that a facilitator's conduct, as distinguished, for example, from that of an 'aider and abetter,' is 'confined to preparation so attenuated from the final stages that the role of the facilitator is only remotely related as a cause or contributor to the ultimate crime.'" *Id.* (quoting *People v. Beaudet*, 298 N.E.2d 647 (N.Y. 1973)).

Section 20 of the New York Penal Law provides for Criminal Liability for Conduct of Another, which states:

> When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct.

N.Y. PENAL LAW § 115.05 (McKinney 2006). Therefore, Morales could have been charged under § 20, which requires action with a mental culpability, which is much more analogous to the aiding and abetting standard than facilitation under § 115.05. In *People v. Kaplan*, 556 N.E.2d 415, 418 (N.Y. 1990), the New York Court of Appeals compared § 20 with § 115.05, explaining that § 115.05 was "enacted to provide an additional tool in the prosecutorial arsenal for situations where the 'facilitator' knowingly aided the commission of a crime but did not possess the mental culpability required for commission of the substantive crime." The court noted that "'[u]nder section 2 of the former Penal Law, a person could be convicted as a principal if he 'aid[ed] and abett[ed] in [the] commission [of a crime],'" however, "the courts required proof that the aider or abetter 'share[d] the intent or purpose of the principal actor.'" *Id.* at 417. Thus, it seems clear that § 20 is the "aiding and abetting" statute, whereas § 115.05 is a lesser offense.

In determining whether the defendant's conduct is aiding and abetting, the Court may only look to the charge in the indictment and the facts stated in the count to which the defendant pled guilty. *United States v. Turner*, 349 F.3d 833, 836 (5th Cir. 2003). Although the facts recited in the indictment are ambiguous as to whether Morales' conduct amounts to aiding and abetting, he did not plead to a crime which rises to the level of aiding and abetting. When there are no disjunctive elements in a statute the Court need not look to the underlying facts. *United States v. Martinez-Mata*, 393 F.3d 625, 628-29 (5th Cir. 2004). For example, in *United States v. Calderon-Pena*, 383 F.3d 254, 257 (5th Cir. 2004), a crime of violence case, the Fifth Circuit noted that "[a]lthough the actual conduct described in the indictments could be construed to involve the use of physical force against the person of another, . . . [the court] looks to the element of the crime, not the defendant's

actual conduct in committing it." The court explained that "the statute of conviction, not the defendant's underlying conduct, is the proper focus." *Id.* (citing *United States v. Vargas-Duran*, 356 F.3d 598, 606 (5th Cir. 2004)). In the instant case Morales was pleaded guilty to a crime which falls short of aiding and abetting. Therefore, even if the indictment alleged facts which constituted aiding and abetting, a 12-level enhancement would not be appropriate. Regardless of whether it is *possible* for an individual to be charged with facilitation when the individual's actions actually amount to aiding and abetting, Morales was charged with a lesser crime. This Court agrees with the decisions of the New York Court of Appeals that the crime of facilitation under § 115.05 does not rise to the level of aiding and abetting as described in the commentary to § 2L1.2. Therefore a 12-level enhancement is not warranted.

### III. Conclusion

Defendant's objection to the 12-level enhancement [Docket No. 12] is **GRANTED**. However, the Court hereby assesses a 4-level enhancement under § 2L1.2(b)(1)(D), as Morales' conviction for Criminal Facilitation in the Second Degree was a class C felony.

Signed this 20th day of June, 2006.

Andrew S. Hanen
United States District Judge